IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

COSTA & GRISSOM MACHINERY
COMPANY, INC.,

                    Plaintiff,

vs.

QINGDAO GIANTWAY MACHINERY
CO., LTD. and LOBO MACHINERY
CORPORATION,

                    Defendants.

CIVIL ACTION FILE
NO. 1:08-CV-2948 (CAP)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**

QINGDAO GIANTWAY MACHINERY CO., LTD. ("Qingdao") and

LOBO MACHINERY CORPORATION ("Lobo") (collectively "Defendants"),

through their undersigned counsel, file this Memorandum of Law in Support of

Defendants' Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of

Civil Procedure.

## I.    INTRODUCTION

Defendants seek monetary sanctions against Plaintiff and its counsel, as the

Court may deem appropriate, for continuing to pursue the frivolous Unfair

Competition (Count I); Uniform Deceptive Trade Practices Act (Count II); Seizure

(Count III); and, Tortious Interference (Count IV) claims asserted in its *Verified Complaint, Request for a Temporary Restraining Order, Interlocutory Injunction and Seizure of Counterfeit Products* (the "Verified Complaint and Request for TRO") [Doc. No. 2] without proper legal or evidentiary support.  Moreover, it is believed that Plaintiff and its counsel violated Rule 11 by failing to make a reasonable inquiry into the alleged claims before filing the Verified Complaint and Request for TRO.[1]

## II.    FACTUAL BACKGROUND

Plaintiff Costa & Grissom Machinery Co., Inc. ("Plaintiff" or "Costa") markets an industrial sanding machine known as the Wide-belt Sander "A" Series machine ("A Series Machine").  Costa alleges that its employees, while attending the annual International Woodworking Fair ("IWF") which occurred August 20-23, 2008 at the Georgia World Congress Center in Atlanta, saw a sanding machine displayed by Qingdao ("Giantway Machine") and alleges that the Giantway Machine is actually an A Series Machine.  Costa alleges that Defendants removed Plaintiff's logo from, "the A Series Machine, affixing Defendant Lobo's logo to the front of the A Series Machine, and attempting to pass of the machine as their

---

[1] Defendants also reserve the right to seek attorneys' fees pursuant to 15 USC § 1117(a) (attorneys fees recoverable in exceptional cases), as well as 28 U.S.C. § 1927 (vexatious litigation) and the inherent powers of this Court. Chambers v. NASCO, Inc., 501 U.S. 32 (1991); Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998).  During the course of discovery, Defendants expect to show that this is an exceptional case because Plaintiff failed to conduct a reasonable pre-filing investigation, and that this case has been filed and prosecuted in bad faith.

LO174:000LO:176910:3:ATLANTA

own . . ." <u>See</u> Plaintiff's Complaint ¶ 17. This allegation, that Defendants passed off Plaintiff's A Series Machine as their own, is the basis for Plaintiff's claims.[2] <u>See</u> Complaint ¶¶ 17, 24, 33, 40. Because the machine that Defendants' displayed at the IWF is not the A Series Machine, Plaintiff's claims must fail.

During the IWF, Costa filed its Verified Complaint and Request for TRO and on August 21, 2008. The next day, Plaintiff argued its position before the Honorable John J. Goger, in the Superior Court of Fulton County State of Georgia ("TRO Hearing").[3] During the TRO Hearing, Plaintiff's counsel repeatedly told the court that the reason Costa was requesting the TRO was because it believed that Defendants removed Costa's name from the A Series Machine and represented to the public that the machine was a Giantway Machine. Costa's counsel stated the following:

> The Court:  In other words, you know, let's say I make this, okay, and you make one just like it.
>
> Mr. Ichter:  Uh-huh.
>
> The Court:  Now, what, if anything, have you done wrong?
>
> Mr. Ichter:  *I have done nothing wrong unless I take the one that you made, I tear your name off of it, I put*

---

[2] Plaintiff has submitted a Motion For Leave to Amend its Complaint. [Doc. No. 16]. In its Motion, Plaintiff asks to amend its complaint and add a trade dress claim. All of the remaining claims would remain.

[3] A full and complete copy of the transcript is attached and incorporated herein as Exhibit "A".

LO174:000LO:176910:3:ATLANTA

> *my name on it, and I put it in the stream of commerce.*
> <u>*That is what we contend happened here. This is not a*</u>
> <u>*knockoff. This is our machine.*</u> *That's the most*
> *important fact here. This is our machine. The reason*
> *there are four holes in the front of the machine is,*
> *somebody tore a sign off. That sign bore our logo.*

(TRO Hearing p. 8-9) (emphasis added).

Accordingly, Costa's counsel admitted that if the Giantway Machine was a copy of the A Series Machine, Defendants did nothing wrong. The court granted Costa's request for a TRO and ordered the seizure of the Giantway Machine. The machine displayed at the IWF was not an A Series Machine. Moreover, Costa has been unable, even after submitting a report created by its own employees, to provide support for its contention that the disputed machine is an A Series Machine. Instead, Costa's report specifically states that the Giantway Machine could be a reproduction. As a result, Plaintiff's claims do not have any merit.

## III.    ARGUMENT AND CITATION OF AUTHORITY

### A.    The Standard for Imposing Sanctions Under Rule 11

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, an attorney who

> present[s] to the court (whether by signing, filing,
> submitting, or later advocating) a pleading, written
> motion, or other paper, . . . is certifying that to the best of
> the person's knowledge, information, and belief, formed
> after an inquiry reasonable under the circumstances, . . .
> (2) the claims, defenses, and other legal contentions
> therein are warranted by existing law or by a

- 4 -

> nonfrivolous argument for the extension, modification, or
> reversal of existing law or the establishment of new law;
> [and] (3) the allegations and other factual contentions
> have evidentiary support or, if specifically so identified,
> are likely to have evidentiary support after a reasonable
> opportunity for further investigation or discovery . . . .

FED. R. CIV. P. 11(b)(2)-(3). A court may impose sanctions on a party

and/or its attorneys for a violation of these requirements. Fed. R. Civ. P. 11(c).

"Under this provision, the Court has discretion to impose Rule 11 sanctions if a

party 'files a pleading that is based on a legal theory that has no reasonable chance

of success and that cannot be advanced as a reasonable argument to change

existing law . . ." Carter v. ALK Holdings, Inc., 510 F. Supp. 2d 1299, 1307 (N.D.

Ga. 2007). Costa has violated these standards by advocating a position that has no

reasonable chance of success.

**B.      SANCTIONS ARE APPROPRIATE WHEN AN ATTORNEY
         CONTINUES INSISTING UPON A POSITION AFTER IT IS
         NO LONGER TENABLE.**

   **1.     Plaintiff Knowingly Advocated A Position That Has No
           Merit.**

From the moment that Costa's counsel informed the court, on August 22,

2008, that "this is our machine" and "that's the most important fact here", Costa

had a duty to make sure that its representations were accurate and if not, to

immediately withdraw its claims. Moreover, once Costa's own engineers had the

opportunity to review and analyze the machine and were wholly unable to support

Costa's contention that the sanding machine seized at the IMF was the A Series

Machine, Costa had a duty to withdraw its claims.  Specifically, in its *Notice of*

*Filing Report Regarding the Origins and The Manufacture of Defendant*

*Giantway's Machine* [Doc. No. 5], the Technical Report prepared by Costa's

President of Engineering, Marketing Manager and CFO ("Technical Report")

which purportedly analyzes the Giantway Machine, Costa was unable to support its

claims that the machine was in fact an A Series Machine.    Instead, Costa

concludes:

> Parts of Giantway's machine have been manufactured by
> Costa or its authorized suppliers **or have been so
> meticulously reproduced** by a third party that their look
> and functionality cannot be distinguished.

See Technical Report p. 17. (emphasis added).

Simply speaking, Costa does not have any evidence that the Giantway

Machine is an A Series Machine.   Costa's Technical Report fails to support

Costa's claim that Giantway removed the labels from an A Series Machine and

displayed that machine at the IWF.  Instead, the Technical Report states that it has

"insufficient evidence" to confirm that Defendants manufactured the machine;

states that "it is possible that the machine is a reproduction" or "a replica."   See

LO174:000LO:176910:3:ATLANTA

Technical Report pp. 2,3. Costa's inability to provide support for its claim that the seized machine was in fact an A Series Machine renders its Complaint totally meritless.

Rule 11 expressly provides that an attorney's certifications that he or she has made "an inquiry reasonable under the circumstances," that his or her legal contentions are warranted by law (or a nonfrivolous argument for a change in the law), and that his or her factual allegations have (or are likely to have) evidentiary support attach to every "presenting" of a "pleading, written motion, or other paper," "whether by signing, filing, submitting, *or later advocating*" such papers. FED. R. CIV. P. 11(b) (emphasis added). Thus, continuing to insist upon a position after it is no longer tenable, as Costa has done here, is sanctionable under Rule 11. See FED. R. CIV. P. 11 advisory committee's note ("[A] litigant's obligations with respect to the contents of . . . papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those [papers] after learning that they cease to have any merit."); Battles v. City of Ft. Myers, 127 F.3d 1298, 1300 (11th Cir. 1997) (noting that the "1993 amendment to Rule 11 emphasizes an attorney's continuing obligations to make inquiries, and thus the rule allows sanctions when

LO174:000LO:176910:3:ATLANTA

an attorney continues 'insisting upon a position after it is no longer tenable'"

(quoting FED. R. CIV. P. 11 advisory committee's note)).

Nevertheless, Plaintiff continues to pursue its claims even after commissioning the Technical Report which fails to support its legal theory. By continuing to pursue claims based on its initial theory that the Giantway Machine was in fact an altered A Series Machine, Costa and its counsel advocate a position which is no longer tenable. Such continued pursuit of frivolous claims is precisely what Rule 11 is meant to deter. See Phonometrics, Inc. v Economy Inns of Am., 349 F.3d 1356, 68 USPQ2d 1906, 1910 (Fed. Cir. 2003). As set forth above, continuing to insist on a position that is no longer tenable is sanctionable under Rule 11 and Costa and its counsel should be sanctioned.

## 2.    Plaintiff's Claims Are Not Supported By Law or Its Own Admissions

Costa has ignored fundamental requirements of Georgia's seizure statute and has wrongfully seized Defendants' goods. See O.C.G.A. §10-1-451. Georgia's seizure statute applies only to counterfeit *trademarks*. The present case involves no assertions of any use by Defendants of a ***mark*** that is a counterfeit of any mark. Furthermore, and even more dispositive, the Georgia seizure of counterfeit trademarks section is *expressly limited to* counterfeits of ***marks registered*** under

the act. Plaintiff does not assert it owns any marks registered under Georgia law, nor have we been able to locate any such registrations.

Costa is (mis)using state law in an ill-advised attempt to prevent the sale of competitive products. Absent any patent or copyright protection for its wares, Plaintiff has no lawful claims to prevent the display and sale of competitive products. Plaintiff does not allege any patent protection for the A Series Machine or copyright protection for their brochure, and we are aware of none. Even if Costa does have any patent or copyright protection for its wares, the claims here are preempted by federal patent and copyright law. While "states are free to regulate the use of such intellectual property in any manner not inconsistent with federal law," Aronson v. Quick Point Pencil Co., 440 U.S. 257, 262 (1979), the "potential of conflicting results [is] an eventuality that preemption is intended to avoid," and therefore, "a state cause of action that conflicts with federal remedies is preempted." Dow Chemical Co. v. Exxon Corp., 139 F.3d. 1470, 1480 (Fed. Cir. 1998).

Specifically, any claim to prevent sale of competitive goods of the nature in issue in this case can only be brought under patent or copyright law. As the Supreme Court held in Compco Corp. v. Day-Brite Lighting, Inc., 376 U.S. 234 (1964), "when an article is unprotected by a patent or a copyright, state law may

not forbid others to copy that article. To forbid copying would interfere with the federal policy, found in Art. I, § 8, cl. 8, of the Constitution and in the implementing federal statutes, of allowing free access to copy whatever the federal patent and copyright laws leave in the public domain." More recently, in TrafFix Devices, Inc. v. Marketing Displays, Inc., 532 U.S. 23 (2001), the Supreme Court dismissed the plaintiff's unfair competition claim relating to the appearance of a flexible road sign which was the subject of an expired utility patent. The Supreme Court emphasized that "[i]n general, unless an intellectual property right such as a patent or copyright protects an item, *it will be subject to copying*." Id. at 29 (emphasis added). See also Epic Metals Corp. v. Souliere, 99 F.3d 1034, 1039 (11th Cir. 1996) (The Defendant is free to copy Plaintiff's product features "in the absence of any patent protection").

Even more recently, in Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 33-34 (2003), the Supreme Court once again explained that "[t]he rights of a patentee or copyright holder are part of a 'carefully crafted bargain,' under which, once the patent or copyright monopoly has expired, the public may use the invention or work at will and without attribution." (quoting Bonito Boats v. Thunder Craft, 489 U.S. 141, 150-151). In that case, the defendant had lawfully

- 10 -

taken work from the public domain, copied it, made modifications, and then affixed its own name to the end product. <u>Dastar</u>, 539 U.S. at 24 (2003).

Costa's counsel admitted at the TRO Hearing that Defendants were permitted to copy the A Series Machine under the law. When questioned by the court about this very issue, he stated: "I know, yes, they can, absent patent prosecution, they can go and knockoff this machine." <u>See</u> TRO Hearing at p. 12. Competition is lawful and a desired activity, even if the product is a copy. <u>See</u> <u>Bretford Mfg., Inc. v. Smith Sys. Mfg. Corp.</u>, 419 F.3d 576, 581 (7th Cir. 2005) ("Businesses often think competition unfair, but federal law encourages wholesale copying, the better to drive down prices. Consumers rather than producers are the objects of the law's solicitude"); <u>see also</u> <u>TrafFix</u>, 532 U.S. at 29 ("[C]opying is not always discouraged or disfavored by the laws which preserve our competitive economy").

As a result, it is clear that the relevant law, in addition to Costa's own admissions, demonstrate that Costa does not have any support for its claims. Costa and its counsel's persistence in bringing these claims is a violation of Rule 11.

### C.    PLAINTIFF'S INVESTIGATION PRIOR TO FILING SUIT WAS INADEQUATE UNDER RULE 11.

In the Eleventh Circuit, Rule 11 sanctions are also appropriate where a pleading lacks a reasonable factual basis and the attorney fails to conduct a

LO174:000LO:176910:3:ATLANTA

reasonable inquiry. <u>Mike Ousley Productions, Inc. v. WJBF-TV</u>, 952 F.2d 380, 382 (11th Cir. 1992). If the attorney fails to make a reasonable inquiry, then the Court must impose sanctions despite the attorney's good faith belief that the claims were sound. <u>Jones v. International Riding Helmets, Ltd.</u>, 49 F.3d 692, 695 (11th Cir. 1995) (citation omitted).

Specifically, the Eleventh Circuit has authorized sanctions under Rule 11 where counsel failed to make a reasonable inquiry prior to the filing of the complaint. <u>See</u> <u>Jones v. International Riding Helmets</u>, 49 F.3d 692, 696 (11th Cir. 1995). Here, Costa's counsel should be penalized for failing to undertake a reasonable inquiry prior to filing its TRO and asking the court to undertake the drastic measure of seizure without any information that the machine in question was the A Series Machine. Costa's counsel repeatedly states in his argument to the court that the machine in question, "is not just a knockoff, it is one of our machines." (TRO Hearing p. 4). However, Costa and its counsel had ample reason to believe that the Giantway Machine was not an A Series Machine. After Costa's counsel declared that "everything on the machine is exactly the same [as the A Series Machine]", the court, after looking at photographs provided by Costa, promptly noted there were multiple differences between the A Series Machine and the Giantway Machine:

The Court: There are some differences between the upper control panels.

Mr. Ichter: I am looking for them. There is a white box in the lower blue panel in the upper right-hand corner. That's about one of the only things I can see.

The Court: No. No. No.

Mr. Ichter: Okay.

The Court: Maybe I am missing something.

Mr. Ichter: Okay.

The Court: In the Giantway Machine, in the upper panel, there is one meter. I don't know what you call it. In the Costa Machine, there are two, isn't there?

Mr. Ichter: Oh. It looks like something that looks like a little clockface.

The Court: Right. If you want to call them clockfaces, there are two in the Costa and there is only one in the Giantway.

Mr. Ichter: That is true.

The Court: There is, in the Costa, there is looks like a silver knob of some sort that is under the second clockface that doesn't appear on the Giantway. There are two red lights versus the one in that same column.

Mr. Ichter: Uh huh.

The Court: Now, other than that - - in the lower control panel, there is some sort of device in the upper right portion of that control panel on the Costa equipment that doesn't appear on the Giantway equipment. In the lower center, there is some sort of device on the Giantway

- 13 -

> equipment that has a red light on that that doesn't appear
> in the Costa. Those two panels do seem to be different.

See TRO Hearing pp. 6-7.

It is apparent that a review of the evidence reveals that there are blatant differences between the two machines. As revealed by the transcript, the court recognized those differences immediately. Nonetheless, Costa's counsel insisted that the two machines were identical. It is therefore apparent that Costa's counsel did not sufficiently investigate the claims before alleging that Defendant's altered an A Series Machine and attempted to pass it off at the IWF. That failure is a violation of Rule 11 and constitutes sanctionable conduct.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an order imposing monetary sanctions against Plaintiff and its counsel in the amount of Defendants' reasonable attorneys' fees, costs and expenses incurred in defending the baseless claims of this action, including reasonable attorneys' fees, costs and expenses for pursuing this Rule 11 motion, and award such other and further relief as it may deem just and proper.

- 14 -

Respectfully submitted this 2nd day of December, 2008.

/s/ Donald R. Andersen
Donald R. Andersen
Georgia Bar No. 016125
Catherine M. Banich
Georgia Bar No. 260514
Tasha K. Inegbenebor
Georgia Bar No. 382905
**STITES & HARBISON, PLLC**
303 Peachtree Street, N.E.
2800 SunTrust Plaza
Atlanta, GA 30308
Tel:  (404) 739-8800
Fax: (404) 739-8870
E-mail:  dandersen@stites.com

ATTORNEY FOR DEFENDANTS

LO174:000LO:176910:3:ATLANTA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

COSTA & GRISSOM MACHINERY
COMPANY, INC.,

                    Plaintiff,                          CIVIL ACTION FILE
                                                        NO. 1:08-CV-2948 (CAP)
vs.

QINGDAO GIANTWAY MACHINERY
CO., LTD and LOBO MACHINERY
COMPANY,

                    Defendants.

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing is in compliance with paper filing requirements

of Local Rule 5.1B.


                         /s/ Donald R. Andersen
                         Donald R. Andersen
                         Georgia Bar No. 016125

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

COSTA & GRISSOM MACHINERY
COMPANY, INC.,

               Plaintiff,

vs.

QINGDAO GIANTWAY MACHINERY
CO., LTD. AND LOBO MACHINERY
CORPORATION,

               Defendants.

CIVIL ACTION FILE
NO. 1:08-CV-2948 (CAP)

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of December, 2008, I ~~electronically filed~~ Served the foregoing via U.S. Mail on the ~~the within and foregoing with the Clerk of the Court using the CM/ECF system~~

~~which will automatically send e-mail notification of such filing to the~~ following

attorney of record:

        Cary Ichter, Esq.
        Guy H. Weiss, Esq.
        Adriana Midence, Esq.
        Adorno & Yoss, LLC
        Two Midtown Plaza, Suite 1500
        1349 West Peachtree Street, N.E.
        Atlanta, GA 30309

               /s/ Donald R. Andersen
               Donald R. Andersen
               Georgia Bar No. 016125