IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

COSTA & GRISSOM
MACHINERY COMPANY, INC.
and COSTA LEVIGATRICI S.p.A.,

    Plaintiffs,

v.

QINGDAO GIANTWAY
MACHINERY CO., LTD. and
LOBO MACHINERY
CORPORATION,

    Defendants.

CIVIL ACTION FILE

NO. 1:08-CV-2948-CAP-WEJ

## **ORDER**

On December 2, 2009, Judge Charles A. Pannell, Jr., appointed [155] the undersigned as Special Master to this case pursuant to Federal Rule of Civil Procedure 53 to recommend the amount of reasonable attorneys' fees necessary to sanction plaintiff Costa & Grissom Machinery Company, Inc. ("CGMC") and its counsel as set forth by Judge Pannell in his Orders of March 24, 2009 [80] and December 2, 2009 [154].

In his March 24, 2009 Order, Judge Pannell awarded defendants their reasonable attorneys' fees for filing their Motion to Compel Complete Interrogatory Response [36], Motion for Sanctions and to Compel 30(b)(6) Deposition [37]

(including time spent at and in preparation for the deposition of Scott Grissom),[1] and part of their Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 [41] (the portion related to CGMC's misrepresentation of O.C.G.A. § 10-1-451).[2] (Order of Mar. 24, 2009.) Defendants have submitted documentation of their attorneys' fees and plaintiffs have submitted their opposition.

In his December 2, 2009 Order, Judge Pannell awarded defendants their attorneys' fees and costs for all expenses incurred as of the date of his Order,[3] with

---

[1] Judge Pannell ordered plaintiff's former counsel, Mr. Cary Ichter, to pay defendants' attorneys' fees associated with their motion to compel deposition. (Order of Mar. 24, 2009 at 44.)

[2] Judge Pannell ordered CGMC's counsel to pay all fees incurred by the defendants in filing the portion of their Rule 11 motion and memoranda related to CGMC's misrepresentations. (Order of Mar. 24, 2009 at 22.)

[3] This necessarily would include fees incurred litigating the amount of attorneys' fees associated with Judge Pannell's March 24, 2009 Order. Likewise, the reasonable fees incurred litigating the amount of attorneys' fees to be awarded pursuant to Judge Pannell's December 2, 2009 Order should be submitted to the undersigned for consideration. See Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham, 706 F.2d 1205, 1207 (11th Cir. 1983) (holding that court may award fees for litigating over fees); see also Alan Hirsch & Diane Sheehey, Awarding Attorneys' Fees & Managing Fee Litigation 28 & n.149 (Federal Judicial Center 2d ed. 2005). Although such "fee on fee" awards typically are used to encourage the representation of indigents, McMahan v. Toto, 311 F.3d 1077, 1085-86 (11th Cir. 2002), the undersigned concludes that such an award is appropriate here given Judge Pannell's findings of bad faith and the egregious behavior of plaintiff CGMC and its counsel (which continued after Judge Pannell's prior sanctions). (See Order of Dec.

the exception of actions taken in relation to plaintiffs' second amended complaint. (Order of Dec. 2, 2009 at 42.)[4] Judge Pannell explained that those fees should include all reasonable costs and expenses incurred by defendants as a result of the wrongful seizure of their machine, and fees associated with their Motion to Dismiss [95] and Motion for Partial Summary Judgment [96]. (Order of Dec. 2, 2009 at 42.) Judge Pannell directed that those fees be assessed jointly and severally against plaintiff CGMC and its attorneys. (Id. at 43.)

Therefore, the Court **DIRECTS** defendants to file sworn statements and supporting documentation establishing the reasonable fees and expenses awarded by Judge Pannell in his December 2, 2009 Order, excluding those fees and expenses already addressed by the parties in response to Judge Pannell's March 24, 2009 Order.[5] Defendants shall have thirty days from the date of this Order to file their

---

2, 2009 at 29, 42 (noting that prior sanctions were insufficient to deter plaintiff CGMC from future bad acts and exercising court's inherent power to award attorneys' fees).)

[4] Judge Pannell indicated that he did not intend a double recovery of the fees awarded under his March 24, 2009 Order, and directed that those sanctions be deducted from the amount assessed pursuant to his December 2, 2009 Order. (Order of Dec. 2, 2009 at 43, 46 n.6.)

[5] The Court expects defendants to use the lowest level time keepers as much as practicable to compile this information, e.g., paralegals rather than partners.

3

submission. Plaintiff CGMC will have fourteen days to challenge the reasonableness of the fees requested, and defendants will have fourteen days after that to reply.

**SO ORDERED**, this 9th day of December, 2009.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

---

Defendants appear to have done so with regard to their compilation of records in response to Judge Pannell's March 24, 2009 Order. (See e.g., Notice of Filing Ex. A [85-2] (documenting 5.2 paralegal hours and 0.7 partner hours to compile information).)